# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

vs.

THOMAS HARRY FINLEY,

Defendant.

Case No. CR11-0111

ORDER FOR PRETRIAL DETENTION

On the 25th day of July, 2011, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Daniel Chatham. The Defendant appeared personally and was represented by his attorney, John Dennis Jacobsen.

## I. RELEVANT FACTS AND PROCEEDINGS

On July 13, 2011, Defendant Thomas Harry Finley was charged by Indictment (docket number 3) with conspiracy to distribute heroin resulting in death. At the arraignment on July 15, 2011, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on September 12, 2011. The Government requested Defendant be detained pending trial. A detention hearing was scheduled on July 25, 2011.

At the hearing, Johnson County Deputy Sheriff Kevin Kinney testified regarding the circumstances underlying the instant charge. On March 18, 2011, law enforcement was called to a home in Solon, Iowa, regarding a deceased individual.[1] Drug paraphernalia was found in N.H.'s room, including drug folds, spoons, and needles. An autopsy showed that N.H. died as a result of heroin intoxication. A cell phone was also found in N.H.'s

---

[1] The Court will refer to the deceased individual as "N.H."

1

room. Text messages between N.H. and "Pat" from March 17, 2011, indicated a drug transaction between the two parties.[2] A Confidential Informant ("CI") told Deputy Kinney that Defendant and Pat Toomey ("Toomey") talked to him about providing heroin to N.H.

On May 26, 2011, law enforcement had the CI contact Defendant to set up a controlled purchase of heroin. Defendant met the CI in Iowa City, Iowa, and Defendant and the CI drove to Cedar Rapids, Iowa, for purposes of purchasing heroin. On the trip to Cedar Rapids, the conversation between Defendant and the CI was recorded by law enforcement. During their conversation, Defendant admitted getting heroin in Cedar Rapids, taking the heroin to Toomey, and Toomey delivering the heroin to N.H. In Cedar Rapids, Defendant and the CI were unable to obtain heroin, but got Dilaudid instead, a strong narcotic drug.

The following day, on May 27, the CI learned that Defendant's heroin source was in town, and arranged for a second controlled drug buy of heroin. Once again, Defendant and the CI drove from Iowa City to Cedar Rapids. In Cedar Rapids, the CI exited the vehicle near a motel. Defendant spoke on the phone with a female at the motel. The CI returned to the vehicle, and the CI and the Defendant drove to the motel. The female Defendant spoke to on the phone, got into the vehicle and delivered 2 folds of heroin to Defendant. The female exited the vehicle and Defendant and the CI returned to Iowa City. Defendant gave some heroin to the CI, and kept some for himself.

According to the pretrial services report, Defendant is 62 years old. For the majority of his life, Defendant's primary residence has been in the Iowa City area. Defendant is currently single. He has been married twice in the past. He has two sons from one of his previous marriages. Both adult children reside in the Iowa City area.

Defendant has been employed delivering newspapers for the past two years. He also receives monthly social security benefits. Defendant suffers from several physical ailments, including osteomyelitis, sleep apnea, and heart disease. He is prescribed

---

[2] "Pat" was later determined to be Pat Toomey, a co-defendant in this case.

medication as treatment. In 2000 and 2001, Defendant was treated for situational depression. In July 2011, when he was being processed into the Linn County Correctional Center, staff placed Defendant on "suicide watch" due to statements made during the booking process. Defendant told the pretrial services officer that he did not remember making any suicidal statements, but could have made such statements because he was "coming down from a heroin high" during the booking process. Defendant currently denies any violent or suicidal ideation.

Defendant has a significant substance abuse history. Defendant reported using marijuana from his mid-teens until he was 36 years old. He started using marijuana again at age 52, and indicated that his last use was about two years ago. Defendant reported using methamphetamine and cocaine on an experimental bases in the past, with his last use of each drug being in January 2011. According to Defendant, since 2000, his primary drug use has been heroin and prescription pain medications. His last use was on the date of his arrest for the instant charge.

On August 2, 1998, Defendant was charged with fifth degree theft. The charge was later dismissed. On November 13, 2004, Defendant was charged with fourth degree theft. He failed to appear for his initial appearance, and a warrant was issued for his arrest. The warrant was served, but the charge was eventually dismissed. On November 22, 2005, Defendant was charged and later convicted of theft. On April 2, 2011, Defendant was charged in Cook County, Illinois, with possession of a controlled substance and possession of a narcotic instrument. Defendant failed to appear for a court hearing, and a warrant was issued for his arrest. The warrant remains active in Illinois. Three days later, on April 5, Defendant was charged and later convicted of fifth degree theft. He failed to appear for his initial appearance, and a warrant for his arrest was issued. The warrant was later recalled.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the

United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

## A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the

defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable, or possessed a firearm in furtherance of a drug trafficking crime, or committed certain specified offenses involving a minor victim, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(A)(B) and (E). In a "presumption case," the defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not

5

disappear entirely, but remains a factor to be considered among those weighed by the court. *Id.* *See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

## B. Analysis

Turning to the facts in the instant action, Defendant is charged with conspiracy to distribute heroin resulting in death. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(C). The Court also finds Defendant is a serious risk of flight, thereby authorizing detention pursuant to § 3142(f)(2)(A).

Regarding the second step, the weight of the evidence against Defendant is fairly strong. Law enforcement recorded a conversation between Defendant and a CI in which Defendant admitted obtaining heroin, delivering the heroin to Toomey, and Toomey selling the heroin to N.H., which resulted in N.H.'s death.

The nature of the offense charged against Defendant – the possession and distribution of drugs – constitutes a generalized danger to the community. This case is especially illustrative of such a danger because Defendant's distribution of drugs resulted in another person's death. The Court is particularly concerned with Defendant's lack of a stable residence. Prior to his arrest, Defendant was living with his mother, but if released, his mother told the pretrial services officer that Defendant could not return to her home. Also, Defendant is a regular user of heroin, with his last use being on the date of his arrest for the instant charge. Furthermore, Defendant has a history of failing to appear for court proceedings, and based on the serious nature of the charge against him and the mandatory 20-year prison term if convicted, the Court believes that Defendant poses a serious risk of flight. Based on all of these facts and circumstances, and the rebuttable presumption, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds

by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (July 15, 2011) to the filing of this Ruling (July 26th, 2011) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 26th day of July, 2011.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA